UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
: 
JULIO PEREZ, :
: 
: **MEMORANDUM**
Plaintiff, : **DECISION AND ORDER**
: 
- against - : 17 Civ. 366 (BMC)(LB)
: 
THE CITY OF NEW YORK; DEPARTMENT :
OF CORRECTIONS; COMMISSIONER OF :
N.Y.C. CORRECTIONS; WARDEN OF :
N.Y.C. CORRECTIONS; DEPUTY :
WARDEN; OFFICER TAVARES; and JOHN :
DOES # 1 – 4, Captain's Officers Present in :
Dorm # 2, Bed # 6, :
: 
Defendants. :
---------------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff *pro se* Julio Perez, who is currently incarcerated at Rikers Island, brings this action pursuant to 42 U.S.C. § 1983 against the City of New York, New York City Department of Correction ("DOC"), and multiple individual defendants alleging that his constitutional rights were violated when a chemical agent got into his eyes during a prison disturbance and he was denied immediate medical treatment. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the following reasons, the complaint is dismissed with leave to amend to assert a claim for deliberate indifference to plaintiff's serious medical needs.

**BACKGROUND**

This is the second complaint that plaintiff has filed related to the alleged incident that occurred in June 2016 at the Robert N. Davoren Complex at Rikers Island. The previous

complaint was dismissed for failure to state a claim against the named defendants and plaintiff was given leave to file an amended complaint. See Perez v. City of New York Dep't of Corr., No. 16 Civ. 5307, 2016 WL 5477598 (E.D.N.Y. Sept. 29, 2016). Because plaintiff failed to file a timely amended complaint, the action was dismissed and plaintiff's subsequent motion for reconsideration of dismissal was denied. The instant complaint states similar factual allegations to the previous complaint, but, unlike the previous complaint, it names the individual corrections officers that plaintiff alleges are responsible for the alleged deprivation of his constitutional rights.

Plaintiff alleges that he was sitting on his bed when two other inmates began fighting. When a corrections officer sprayed K-9 chemical spray at the fighting inmates, the chemical traveled into plaintiff's eyes due to a fan blowing in plaintiff's direction. Plaintiff alleges that he sought medical attention, but was diverted to the mental health area because of an alarm. When the alarm desisted, plaintiff was returned to his unit without seeing the doctor. Plaintiff alleges that he was not brought to see a doctor until two months after the incident. Plaintiff states that the doctor provided him with eye drops and informed him that he needed glasses due to deterioration of his eyes.

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." On review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Pursuant to the *in forma pauperis* statute, a district court must also dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the complaint is dismissed as to DOC because New York City agencies, such as DOC, are not suable entities. See N.Y.C. Admin. Code & Charter Ch. 16 § 396; Cuadrado v. New York City Dep't of Corr., No. 08 Civ. 3026, 2009 WL 1033268, at *2 (S.D.N.Y. April 16, 2009) (dismissing the complaint against the New York City Department of Correction because it is not a suable entity). Accordingly, plaintiff's claims against the DOC are dismissed for failure to state a claim upon which relief may be granted.

Here, plaintiff brings claims for deprivations of constitutional rights under 42 U.S.C. § 1983. To sustain a claim brought under § 1983, plaintiff must allege that the conduct complained of (1) "[was] committed by a person acting under color of state law," and (2) deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Plaintiff names the Commissioner, the Warden, and the Deputy Warden of the DOC as defendants, but he fails to allege that these supervisory officials participated in the alleged harm or could otherwise be held liable for any deprivation of his

constitutional rights. Accordingly, the claims against the Commissioner, the Warden and the Deputy Warden are dismissed.

The complaint is also dismissed as to the City of New York. A municipality can be liable under §1983 only if the plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). There are no such allegations here.

Plaintiff's Eighth Amendment claim regarding allegations of the defendant correction officers' use of K-9 spray to break up a fight between two prisoners, which winded up in plaintiff's eyes due to a blowing fan, is dismissed for failure to state a claim. To state an Eighth Amendment claim for use of excessive force, an inmate's allegations must meet both a subjective and an objective requirement. To meet the subjective requirement, the inmate must show that the prison officials involved "had a wanton state of mind when they were engaging in the alleged misconduct." Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999). The key question in determining wantonness is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wright v. Goord, 554 F.3d 255 (2d Cir. 2009) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "[W]ide ranging deference" must be accorded to the actions of prison officials in responding to an inmate confrontation. Whitley v. Albers, 475 U.S. 312, 321 (1986). The objective component requires that the alleged conduct be "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights . . . and an allegation indicating a *de minimis* use of force will rarely suffice to state a constitutional claim." Sims v. Artuz, 230 F.3d 14, 22 (2000) (internal quotation marks and citations omitted).

Plaintiff's allegations do not meet either the objective or subjective component for an excessive force claim. Here, the alleged use of force was *de minimis* and reasonable to restore order during the course of the prison disturbance. Plaintiff also fails to allege any facts supporting that the prison officials sprayed the K-9 to "maliciously" cause harm to the two prisoners engaged in the alteration, let alone to plaintiff who was not directly sprayed with the K-9 and who was only affected by the chemical due to a blowing fan. See Hernandez v. C.O. Jones 17628, No. 06 CV 3738, 2006 WL 3335091 (E.D.N.Y. Oct. 10, 2006) (dismissing an inmate's excessive force claim for failure to meet the requirements of an Eighth Amendment claim where the inmate was sprayed with pepper spray during a prison disturbance). At most, plaintiff alleges that the corrections officers should have been more careful and anticipated that the fan might blow the spray in his direction. That is, if anything, a negligence claim, not a constitutional claim.

For similar reasons, plaintiff also fails to state an Eighth Amendment claim for the denial of medical care. A claim for inadequate medical treatment may give rise to a constitutional deprivation where a prisoner alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). To sufficiently allege a claim of deliberate indifference, plaintiff must state facts to support that: (1) he suffered from a "serious medical condition," that is a condition that may "produce death, degeneration, or extreme pain," Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (citation and internal quotation marks omitted), and (2) the individual defendants were deliberately indifferent to his serious medical condition, that is they "knew of and disregarded an excessive risk to [plaintiff's] health or safety . . . " Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009) (internal quotation marks and citation omitted).

Although the condition of plaintiff's eyes is likely "sufficiently serious" to satisfy the objective component, plaintiff fails to allege facts suggesting that defendants acted with deliberate indifference to his condition. The complaint states that plaintiff was initially prevented from seeing a doctor only because an "alarm" was ringing. There is nothing wrong with that unless plaintiff pleads facts showing that (a) defendants could have taken measures to treat him despite the chaotic events that were occurring during the alarm; and (b) they recklessly disregarded his condition when they could have taken steps to treat him.

After the alarm desisted, plaintiff alleges that he was brought back to his unit without seeing a doctor, but he does not allege any facts indicating that defendants were aware of plaintiff's condition. The complaint also fails to explain why plaintiff did not see a doctor until two months after the incident, or state any facts indicating that defendants were aware of his condition and recklessly ignored it during this time.

## **CONCLUSION**

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. The complaint is dismissed for failure to allege a plausible claim to relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, however, he is granted twenty days to amend his complaint if he has a deliberate indifference claim against the individual correctional officers and/or other members of Rikers Island staff. Should plaintiff decide to file an amended complaint, it must be submitted within twenty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint, so plaintiff must include in it any allegations from the prior complaint that he wishes to pursue against the individual

defendants.  Further, if plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

 _____
 U.S.D.J.

Dated: Brooklyn, New York
 February 17, 2017